MAUD M. CHAMBERLAIN
vs.
HUBERT W. CHAMBERLAIN

Superior Court  Fairfield County  File #42815

Present: Hon. CARL FOSTER, Judge.

Canfield & Beecher,
J. Robert Beecher,    Attorneys for the Plaintiff.

Boardman & Grout,    Attorneys for the Defendant.

## MEMORANDUM FILED FEBRUARY 7, 1935.

FOSTER, J. Since the evidence in this case was all heard by the Court, it is not necessary, in a memorandum of decision, to set forth in detail the subordinate facts upon which the decision of the Court is based.

The petitioner and the respondent intermarried on September 4th, 1906 at Waterbury, where they lived for the first years of their married life. The respondent has from the time of the marriage to the present time been employed as an outside salesman for firms dealing in paint and wall paper. The parties have four children, Lucia Mills, aged 23 years; Elton, aged 21 years; Hubert Clayton, aged 19 years; Janice L., aged 16 years. At first this couple lived together happily. The petitioner soon began to find fault and evinced a continual dissatisfaction with the respondent and, in general with her lot in life. When the respondent was at home, the petitioner gave him no peace of mind and by her continual talking, deprived him of that rest at night required by him for his labor by day. In 1919 they moved to Bridgeport. In the meantime, the respondent's income had increased but with the increased income came increased demands by the petitioner. Her discontent continued, as did its expression to the respondent. The income of the respondent was never large but he always provided a comfortable home for his family and gave all the children more than the common school education. The respondent was a quiet man; one of the complaints of the petitioner is that he was too quiet. Finally, upon a misunderstood rumor, the petitioner based, and instituted this action and has continued her acts against the respondent down to the past few days. One of the daughters

is married and has two children. The other daughter is in high school. The two sons are working and supporting themselves, and aiding their father and mother.

The writ in this action is dated September 13, 1933. The complaint is based on intolerable cruelty. The petitioner did not leave her home. There was no such intolerable conduct of the respondent as made it necessary for her to leave. The respondent remained at his home until April, 1934, when he was obliged to leave by reason of ill health caused by treatment of him by the petitioner. The two have not co-habited as man and wife for a period of years.

The petitioner states to the Court that she would welcome the return of the respondent. The respondent states to the Court that for the sake of his children he suffered the indignities thrust upon him by his wife for many years, and that he is not willing now that his children are grown, to return to the petitioner; that she had made his life with her intolerable to him.

The petitioner is uncorroborated in the charges she makes against the respondent. The respondent is corroborated by his three eldest children. With the exception of one act claimed to have occurred in Waterbury, and another shortly before the institution of this action, no one act of the petitioner toward the respondent could be held to be intolerable cruelty; but "the cumulative effect of the petitioner's cruelty upon the suffering victim has become such that the public and private objects of matrimony have been destroyed beyond rehabilitation". **Van Gilder vs. Van Gilder, 100 Conn. 1.**

I find that the respondent has not been guilty of intolerable cruelty to the petitioner, and that the petitioner has been guilty of intolerable cruelty to the respondent.

The petitioner's petition for a divorce is dismissed.

The respondent, upon his cross-complaint, is granted a decree of divorce upon the ground of intolerable cruelty.

The custody of the minor children is awarded to the respondent.